IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Huofa Michael Zhang**,

*Plaintiff,*

v.

**Judge Daniel Clifford and Court of Common Pleas of Montgomery County Pennsylvania**,

*Defendants.*

Case No. 2:23-cv-1433-JDW

## MEMORANDUM

Sometimes, those involved in legal proceedings think they were treated unfairly. When that happens, their remedy is to appeal. What they can't do is sue the Judge or the Court in which the proceedings took place. But that's what Huofa Zhang wants to do in this case. He can't sue the Court of Common Pleas of Montgomery County because the Eleventh Amendment makes the court immune from suit. He can't sue Judge Daniel Clifford because sovereign immunity and absolute immunity protect him from suit. I will therefore dismiss Mr. Zhang's case with prejudice.

### I.   BACKGROUND

Mr. Zhang divorced his wife in the Court of Common Pleas of Montgomery County, Pennsylvania. Judge Clifford presided. Mr. Zhang alleges that Judge Clifford interrupted him, and gave him less speaking time than opposing counsel, and required

him to sign documents and release financial data to the Court against his will. He has sued Judge Clifford and the Court of Common Pleas, alleging that they discriminated against him based on his race, questioned him "ex parte" and "trampl[ed] [his] constitutional rights." (ECF No. 1 at 1-3.) He also complains that the Court of Common Pleas did not stop Judge Clifford's alleged offenses. He seeks $2 million in compensatory and punitive damages from Judge Clifford, and $5 million in compensatory and punitive damages from the Court of Common Pleas.

Defendants moved to dismiss. Mr. Zhang did not respond, so I issued an Order telling him to do so. He says he did not receive the Motion when it was filed and says that I should deny it just for that reason. But the record shows that he did have it after I alerted him to it.

## II.    LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand 'only a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Connelly*, 809 F.3d at 786 (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same).  In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* at 786–87 (same).  First, the court must identify the elements needed to set forth a particular

2

claim. *Id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *See id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotation omitted). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citation omitted).

Where a defendant files a motion to dismiss pursuant to Rule 12(b)(1) before it answers the Complaint or otherwise presents competing facts, a District Court must apply the same standard of review it would use when considering a motion to dismiss under Rule 12(b)(6). *See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

### III. ANALYSIS

#### A. Official Capacity Claims

The Eleventh Amendment prohibits individuals from suing a state in federal court without its consent. U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890). The Amendment might "deprive[] courts of subject matter jurisdiction," *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693, n.2 (3d Cir. 1996); or it might exclude state defendants from the reach of the Court's personal jurisdiction. *See Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 197 n.6 (3rd Cir. 2008) Pennsylvania has not consented to these suits. *See* 42 Pa. Cons. Stat. § 8521(b). Further, 42 U.S.C. § 1983, which is the vehicle for Mr. Zhang to bring claims that state actors violated his constitutional rights,

3

does not destroy this protection because "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

In Pennsylvania, Courts and Judges in their official capacity are included in the meaning of "State" and are entitled to Eleventh Amendment immunity from suit. The Pennsylvania Constitution states "[t]he judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the . . . (4) Courts of common pleas" and includes judges in the definition of "Court." 42 Pa. Cons. Stat. § 301; 42 Pa. Cons. Stat. § 102. The Third Circuit has held that "[t]he Pennsylvania constitution envisions a unified state judicial system, of which the Judicial District is an integral component" and that "All courts and agencies of the unified judicial system. . . are part of 'Commonwealth government.'" *Benn v. First Jud. Dist.*, 426 F.3d 233, 241 (3d Cir. 2005); *Callahan v. City of Phila.*, 207 F.3d 668, 672 (3d Cir. 2000). Therefore, the Eleventh Amendment bars Mr. Zhang's claims against the Court of Common Pleas and Judge Clifford in his official capacity.

### B. Individual Capacity Claims

In addition to sovereign immunity, "[j]udges of courts of superior or general jurisdiction are not liable for civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871). A suit under § 1983 does not

4

eliminate this protection because § 1983 does not "abolish wholesale all common-law immunities" *Pierson v. Ray*, 386 U.S. 547 (1967). There is a two-part test to determine if judicial immunity applies. First, whether the action was taken in "the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This means '[w[hether it is a function normally performed by a judge, and to the expectations of the parties, *i. e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Secondly, whether the action was taken in a "complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Absolute judicial immunity protects Judge Clifford from suit. Judge Clifford committed the alleged misconduct in his official capacity as a Judge. In the course of Mr. Zhang's divorce proceedings, he oversaw a hearing, managed speaking time, and requested documents and information. All actions occurred during Mr. Zhang's divorce proceedings. There's no suggestion that he lacked jurisdiction to preside in those proceedings. Therefore, he acted in his official capacity and is immune from suit.

**IV.   CONCLUSION**

If Mr. Zhang faced discrimination, his remedy was to appeal and argue about the unfairness of the proceedings. He can't sue the Court and the Judge, and there's nothing he could do to amend his claims that would fix the problems with them. Therefore, I'll dismiss them with prejudice. An appropriate Order follows.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
Joshua D. Wolson
United States District Judge

August 3, 2023